SimoN, J.
This is an application for a mandamus, to be directed to the Judge of the District Court of the First District, commanding him to grant the suspensive appeal applied for by *321 Laurent Millaudon, in his own individual right, from a judgment rendered by the said court on the 16th of August last, in the matter of Pandelly v. His Creditors, by which the petitioner deems himself aggrieved.
It appears from the allegations of the petition, that the Judge of the District Court, for certain reasons given at the foot of the petition of appeal to which the appeal bond was annexed, refused to grant the order ; but the applicant considers that he is entitled. to obtain said order for a suspensive appeal, on the ground that, being one of the two syndics of Pandelly’s creditors, and as such, having jointly with his colleague, presented for homologation an account and tableau of distribution, wherein, among .other items, the syndics are put down for certain sums of money, all amounting to $635 78, being three items relative to the amount of their commissions, to the payment of a certain sum to the attorney appointed to represent the absent creditors, and to an allowance by them made to a clerk whom they had employed, the said sums were rejected, either partly or in toto, by the judgment complained of.
The applicant further states that, independently of the interest which he has, as one of the syndics, to support the tableau, he has a personal interest in maintaining: 1. the amount accruing to him as syndic ; 2d. the sum paid to the attorney of the absent creditors, inasmuch as that item, being disallowed below, is made to bear on the syndics individually; 3d. the amount allowed to the clerk whom the syndics had employed, whose salary, if disallowed, would diminish, pro tanto, the applicant’s commission.: and he accordingly represents that one-half of the sums in controversy, being above #300, he has a right, separately from his colleague, to insist on his constitutional right of appeal.
It further appears, that when the petition of appeal was presented by the applicant to the Judge, a quo, the latter refused the appeal, because, in his opinion, the petitioner had not shown to the court an interest in himself, sufficient in amount, to entitle him to an appeal from the judgment. But the Judge says : “at the same time this court will allow an appeal to the two syndics from the judgment on the two items of syndics’ commission, and allowance to the attorney oí absent creditors, these two items *322 being collectively above three hundred dollars in amount, the court considering that the syndics have an appealable interest from the judgment on those two items.”
The answer of the Judge to the rule, shows for cause the same reasons which he wrote at the foot of the petition of appeal; but further suggests, that after an appeal had been refused to the applicant in his individual capacity, a petition of appeal from the same judgment was presented on behalf of the two syndics of Pandelly, and that the appeal was granted. The Judge refers us, also, to the record in the District Court, or to the transcript in the Supreme Court.
Were we disposed to agree with the applicant’s counsel, that his client has a right, apart from his colleague, and in his personal name, to appeal from the judgment homologating the tableau of distribution, filed by them jointly, so far as it affects his individual interest, still, it is clear, that the- circnmstance of the two syndics having collectively presented a petition of appeal from the same judgment, which appeal, the Judge says, was granted, must preclude him from obtaining another appeal from it, or from any part thereof. Two appeals cannot be allowed to the same person from the same judgment j and, as it appears from the Judge’s answer, that the appeal subsequently applied for by the applicant and his colleague, as syndics, was granted generally, and without any limitation in its effect, we cannot see the propriety of permitting any one of them to bring up the ease a second time before us, for the special adjustment of certain matters passed upon in the same judgment, though they be relative to his individual interest. An appeal taken from a final judgment cannot be divided, unless, perhaps, when such judgment provides for distinct interests, with regard to distinct parties; but when a party complains of errors in a judgment in which he is interested, and from which he wishes to appeal, it seems that, after the appeal has been granted, he cannot be restricted in the exercise of his remedy, and that, following the course adopted in the inferior court, he should have the right of presenting his case in the same manner and of pointing out to the appellate tribunal the errors committed below, as well to his individual prejudice, as to the injury of those whom he may represent.

Rule discharged.